# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| **MARLA TIMMER** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **LEXISNEXIS RISK** | ) | **JURY TRIAL DEMANDED** |
| **SOLUTIONS INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer, Marla Timmer, against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## PARTIES

2.    Plaintiff Marla Timmer is an adult individual residing in the state of Georgia.

3.    Defendant LexisNexis Risk Solutions Inc., ("LexisNexis"), is a consumer reporting agency which regularly conducts business in the Northern District of Georgia, and which has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

## JURISDICTION & VENUE

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's automobile insurance and claims history to third parties ("inaccurate information") from at least December 2023 through present.

7.      The inaccurate information includes, but is not limited to, the reporting of automobile insurance policies, automobile insurance claims, automobile accidents and personal identifying information.

8.      The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's driving and insurance claims history, Plaintiff's financial responsibility as a consumer and Plaintiff's worthiness for automobile insurance coverage and competitive automobile insurance rates.

9.      The inaccurate information consists of at least three (3) automobile insurance claims that do not belong to the Plaintiff, and that actually belong to another consumer with a different name.  Due to Defendant's faulty procedures,

Defendant mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

10.    Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown, from at least December 2023 through the present.

11.    Plaintiff has disputed the inaccurate information with LexisNexis by following LexisNexis's established procedures for disputing consumer credit information.

12.    Plaintiff has disputed the inaccurate information with LexisNexis from December 2023 through the present.

13.    Notwithstanding Plaintiff's efforts, LexisNexis has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and LexisNexis continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  LexisNexis has repeatedly published and disseminated consumer reports to such third parties from at least December 2023 through the present.

14.    Despite Plaintiff's efforts, LexisNexis has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information

concerning Plaintiff's disputes; (3) forwarded all relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents.

15.    Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations and/or investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about the Plaintiff.

16.    In an effort to determine that information that Defendant was reporting to the third-parties about Plaintiff, Plaintiff contacted LexisNexis on at least eight (8) occasions in December 2023, and requested a copy of her "consumer file" as that term is used in 15 U.S.C. § 1681g.

17.    In response to those requests, LexisNexis refused to provide Plaintiff with her complete consumer file.

18.    As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of automobile insurance rate increase or loss of automobile insurance opportunity, defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

19.     Plaintiff has been informed that the basis and/or substantial factor for those denials was the inaccurate information that appears on Plaintiff's consumer reports.

20.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

21.     At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT 1 – VIOLATIONS OF THE FCRA
### (PLAINTIFF V. LEXISNEXIS)

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     At all times pertinent hereto, LexisNexis was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25.     At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b), 1681i, and 1681g.

27.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

28.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and

proper.

Respectfully submitted,

**WEINER & SAND LLC**

BY:   _/s/ Jeffrey Sand_____
        Jeffrey Sand
        Weiner & Sand LLC
        800 Battery Avenue SE
        Suite 100
        Atlanta, GA 30339
        (404) 205-5029
        js@wsjustice.com

        _/s/ Joseph L. Gentilcore_____
        JOSEPH L. GENTILCORE, ESQUIRE
        1600 Market Street
        Suite 2510
        Philadelphia, PA 19103
        (215) 735-8600
        jgentilcore@consumerlawfirm.com
        *(pro hac vice application forthcoming)*

        Attorneys for Plaintiff

Dated: November 1, 2024